IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRUNG NGUYEN, I/A/N/F M.N., | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Civil Action No.: 4:22-cv-00504 |
| GEN RESTAURANT MANAGEMENT LLC D/B/A GEN KOREAN BBQ HOUSE, ET AL, AND ALAN MARTINEZ | § § § § § § | |
| *Defendants*. | § § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants, Gen Restaurant Management LLC d/b/a Gen Korean BBQ House and Alan Martinez ("Defendants"), file this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing this dispute to the United States District Court for the Southern District of Texas, Houston Division.

## PENDING STATE SUIT

1. On December 20, 2021, Plaintiff, Trung Nguyen, Individually and as next friend of M.N. ("Plaintiff") commenced an action in the 61st Judicial District Court of Harris County, Texas, captioned Cause No. 2021-82313; *Trung Nguyen, I/A/N/F M.N. v. Gen Restaurant Management LLC d/b/a Gen Korean BBQ House, et al., and Alan Martinez.* Plaintiff seeks damages allegedly resulting from an accident that occurred on or about December 26, 2020 at a restaurant owned by Defendant, Gen Restaurant Management LLC d/b/a Gen Korean BBQ House (hereinafter "GRM") in Houston, Texas when Defendant, Alan Martinez (who was working a grill at the restaurant) purportedly "lifted the unreasonably hot grill over M.N.'s head,

[and] unreasonably hot grease poured onto M.N.'s nose and forehead." *See* Exhibit A, Plaintiff's Original Petition at ¶ 8.

## GROUNDS FOR REMOVAL

2. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the properly joined parties.

3. In a contrivance to defeat diversity jurisdiction, Plaintiff has named Mr. Martinez as a defendant. Plaintiff alleges that Martinez is an individual residing in Harris County, Texas. However, as further shown below, the Court must disregard Martinez's citizenship because he was fraudulently/improperly joined as a defendant by Plaintiff in an effort to deny Defendant, GRM its right to a federal forum.

4. All named defendants have consented to this removal.

### A. Amount In Controversy Exceeds $75,000

5. Under 28 U.S.C. §1446(c)(2), if removal is sought on the basis of the jurisdiction conferred by 28 U.S.C. §1332, the sum demanded in good faith in the initial pleadings shall be deemed to be the amount in controversy. *See* 28 U.S.C. §1446(c)(2). Plaintiff states in his Original Petition that he seeks monetary relief of more than $200,000 but not more than $1,000,000. *See* Plaintiff's Original Petition at ¶ 42. Therefore, the allegations in Plaintiff's Original Petition confirm that Plaintiff believes his damages are substantially more than $75,000.

### B. Diversity of Citizenship and Improper Joinder

6. Plaintiff is a resident of Texas. *Id.* at ¶ 4.

7. Defendant, GRM is a limited liability company existing under the laws of the

2

State of California with its principal place of business in the State of California.

8. Defendant, Alan Martinez is an individual residing in Harris County, Texas. However, Martinez was an employee and/or in the course and scope of his employment with GRM at the time of this accident (*See* Plaintiff's Original Petition at, *inter alia*, ¶¶ 23-26 and 31-34), so he was fraudulently/improperly joined as a defendant by Plaintiff pursuant to applicable law.

9. Federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined defendant is totally disregarded in determining the Court's jurisdiction. *Myers v. Allstate Texas Lloyd's*, 1:10-CV-172, 2011 WL 846083, at *5 (E.D. Tex. Mar. 8, 2011) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004)).

10. The Fifth Circuit has recognized two ways to establish improper joinder of a non-diverse defendant: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573). The test for the second "way" is whether the defendant has demonstrated "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*, at *7. "A 'reasonable basis' means more than a mere a hypothetical basis." *Hayden v. Allstate Texas Lloyds*, CIV.A.H-10-646, 2011 WL 240388, at *3 (S.D. Tex. Jan. 20, 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999) ("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery"). In determining whether a "reasonable basis" exists to allow for a recovery against

3

the in-state defendant, the court conducts a Rule 12(b)(6)-type analysis by looking to the pleadings to determine whether the allegations state a claim under state law against the non-diverse defendant. *Smallwood* 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. Appx. 911, 915 (5th Cir. 2009).

11. As one court pointed out, this is especially true in the context of improper joinder, where the issue to be decided is whether an individual has been improperly joined in order to defeat diversity. *Hayden*, 2011 WL 240388, at *8. In such a situation, "the facts pled become crucial…." because when a "[p]laintiff merely names a non-diverse individual as a party and recites the words of the statute without pointing out facts that establish the claim, the paucity of factual allegations leads to the conclusion that the non-diverse individual has been named merely to defeat diversity." *Id.* Accordingly, the propriety of removing this case to federal court will turn on the allegations in Plaintiff's Original Petition. To that end, the facts pled by Plaintiff are crucial in that, not only do they fail to establish a claim against Martinez, but they expressly preclude any recovery against him.

C. **Martinez Improperly Joined**

12. There is no reasonable basis for the district court to predict that Plaintiff might be able to recover against Martinez. *Smallwood*, 385 F.3d at 573. Plaintiff will not be able to recover against Martinez in state court because the nature of Plaintiff's allegations do not support any conceivably viable cause of action Martinez. Specifically, Martinez owed no independent legal duty of ordinary care to Plaintiff in connection with his operation of a grill while working for GRM (unlike commercial truck drivers, for example, who *do* have an independent duty to safely operate a vehicle). Plaintiff's negligence claim against Martinez is improper and is clearly included for the sole purpose of attempting to defeat diversity jurisdiction. Specifically, Plaintiff alleges "Defendants breached the duty of care it [*sic*] owed to Plaintiff as a business **invitee**."

4

*See* Plaintiff's Original Petition at ¶ 17 (emphasis added). Plaintiff further claims: "M.N. was an invitee to whom Defendants owed a duty to use ordinary care, including the duty to protect and safeguard M.N. from **unreasonably dangerous conditions on the premises**, or to warn of their existence." *Id.* (emphasis added). These allegations are, by Plaintiff's own admission, consistent with a premises liability cause of action, not negligence, and certainly not against an individual employee of the company in control of the premises. Indeed, Plaintiff *specifically* sues GRM under a premises liability theory, noting: "At all times mentioned herein, [GRM], the possessor of the premises, was in exclusive control of the instrumentalities that caused Plaintiff's injuries and employed persons responsible for securing and making safe the premises at [GRM]." *See* Plaintiff's Original Petition at ¶ 35.

13. As such, there are no colorable allegations from which this Honorable Court could draw a reasonable inference that Plaintiff is entitled to relief from Martinez; thus, Martinez was improperly joined. Diversity of the parties is complete, and in conjunction with the satisfied amount in controversy, renders removal proper.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

14. Upon filing this Notice of Removal, Defendants gave written notice of the filing to Plaintiff and his counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Harris County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## STATE COURT DOCUMENTS & EXHIBITS

15. The following documents are attached to this Notice of Removal:

Exhibit "A"    Plaintiff's Original Petition

Exhibit "B"    Proof of Service

Exhibit "C"   An index of matters being filed.

C-1 Copy of the state court Docket Sheet/Record.

C-2 Copy of process.

C-3 A list of all counsel of record, addresses, telephone numbers, and parties.

C-4 Civil Cover Sheet

## TIMING OF REMOVAL

16. Defendant, Alan Martinez was served with Plaintiff's Original Petition on or about January 20, 2022.

17. This Notice of Removal is being filed within 30 days of service of the Plaintiff's Original Petition and is timely filed under 28 U.S.C. § 1446(b).

## VENUE

18. This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## JURY DEMAND

19. Defendants hereby request a trial by jury pursuant to FED. R. CIV. P. 38.

## PRAYER

20. Defendants assert that the amount in controversy exceeds $75,000.00. Additionally, Defendants have established that diversity of citizenship exists between the parties in this case. For these reasons, and in conformity with 28 U.S.C. § 1446, Defendants respectfully remove the civil action captioned Cause No. 2021-82313; *Trung Nguyen, I/A/N/F M.N. v. Gen Restaurant Management LLC d/b/a Gen Korean BBQ House, et al., and Alan Martinez*, in the 61st Judicial District Court of Harris County, Texas. Defendants pray for such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

                                                  Respectfully submitted,

                                                  */s/Andrew S. Krone*
                                                  Mark R. Pharr, III
                                                     State Bar No. 15898950
                                                     Federal I.D. No. 12919
                                                     tiger@gallowaylawfirm.com
                                                Andrew S. Krone
                                                     State Bar No. 24086872
                                                     Federal I.D. No. 2590236
                                              akrone@gallowaylawfirm.com

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via Electronic Court Filing on this 16th day of February, 2022

                                                  /s/ *Andrew S. Krone*
                                                Mark R. Pharr, III
                                                Andrew S. Krone