**12/20/2021 12:30:25 PM**
**Marilyn Burgess - District Clerk**
**Harris County**
Marilyn Burgess District Clerk Harris County 12/18/2021 11:59 AM
**Envelope No: 60179610**
Envelope No. 60156336
**By: THOMAS, LISA E.**
By: Marie Rodriguez
**Filed: 12/20/2021 12:30:25 PM**
Filed: 12/18/2021 11:59 AM

NO. 202182313

| | | |
|---|---|---|
| TRUNG NGUYEN, I/A/N/F M.N., | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | |
| | § | 61st JUDICIAL DISTRICT |
| | § | |
| GEN RESTAURANT MANAGEMENT | § | |
| LLC. d/b/a GEN KOREAN BBQ | § | |
| HOUSE, ET AL, AND | § | |
| ALAN MARTINEZ, | § | OF HARRIS COUNTY, TEXAS |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **TRUNG NGUYEN, I/A/N/F M.N.**, hereinafter referred to by name or as Plaintiffs, complaining of and about **GEN RESTAURANT MANAGEMENT LLC. d/b/a GEN KOREAN BBQ HOUSE, ET AL**, hereinafter referred to as "Gen" or by name, and **ALAN MARTINEZ**, and for cause of action respectfully shows unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend that discovery be conducted under Level 2 of Rule 190.3 of the *Texas Rules of Civil Procedure*.

### II.
### PARTIES

2.    Plaintiff, **TRUNG NGUYEN I/A/M/F M.N.** is an individual residing in Harris County, Texas. M.N. is a minor residing in Harris County, Texas.

3.    Defendant, **GEN MANAGEMENT LLC d/b/a GEN KOREAN BBQ HOUSE, ET AL** is a foreign for-profit corporation with its principal office located in Los Angeles

**EXHIBIT A**

County, California. This Defendant may be served with process by serving its registered agent, COGENCY GLOBAL INC., 11480 South Street, #205, Cerritos, California 90703 or wherever it may be found.

4.     Defendant, **ALAN MARTINEZ,** is a resident of Harris County, Texas and a citizen of Texas. Plaintiffs are not aware of **ALAN MARTINEZ's** home address but do know that he is a resident of Harris County and a citizen of Texas at the time of the incident that forms the basis for this suit because **ALAN MARTINEZ** was working at Gen Korean BBQ House in Harris County, Texas at the time of the incident. **ALAN MARTINEZ** may be served at 3201 Louisiana Street #101, Houston, Harris County, Texas 77006 or wherever he may be found.

5.     The extent that any of the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the *Texas Rules of Civil Procedure,* and Plaintiffs hereby demand that upon answering the suit, that Defendants answer in both Defendants' correct legal name and Defendants' assumed name(s).

### III.
### JURISDICTION AND VENUE

6.     The Court has jurisdiction over the subject matter of this lawsuit, and the damages sought by Plaintiffs in this cause of action are within the jurisdictional limits of the Court.

7.     Venue is proper in Harris County in this cause pursuant to *Texas Civil Practices and Remedies Code* Chap. § 15.002(a)(1), because it is in the county in which all or a substantial part of the events or omissions giving rise to this suit occurred, and Defendants regularly and systematically conduct business in Harris County, Texas. Lastly, no mandatory venue provision applies.

### IV.

## FACTS

8.      On or about December 26, 2020, the Nguyen family, went to dinner at Gen Korean BBQ House located at 3201 Louisiana St., Ste. 101, Houston, Texas 77006. The family consisted of nine individuals who rode in two separate vehicles. M.N., a nine-year-old child, is a member of the Nguyen family and had accompanied her family for dinner at the restaurant. The family entered the restaurant and were seated at tables 80-81. The family ordered their meal which consisted of different meats all cooked at the table on a grill. As the plaintiff **M.N.** ate, the grill on which the meats were cooked became dirty. **ALAN MARTINEZ**, a Hispanic male, working at the restaurant waited on the family and noticed the dirty grill. **ALAN MARTINEZ** grabbed the grill lifting it over **M.N.**'s head. As **ALAN MARTINEZ** lifted the unreasonably hot grill over **M.N.**'s head, unreasonably hot grease poured onto **M.N.**'s nose and forehead.

9.      **ALAN MARTINEZ** who was responsible for safely changing the dirty grill in front of customers at the restaurant, failed to do so. **M.N.** was burned by the unreasonably hot grease from the dirty grill. **M.N.** began crying in excruciating pain and agony and **ALAN MARTINEZ** continued as normal. **M.N.**'s older sister Havi Nguyen raised her hand and signaled to a Hispanic female in her mid-thirties, who also worked at the restaurant. Havi Nguyen signaled to get her attention and to notify her of the incident and of **M.N.**'s injury. The Hispanic female walked over to the family's table. The Hispanic female immediately noticed **M.N.** crying in excruciating pain and her injuries. Havi Nguyen, **M.N.**'s older sister told the Hispanic female what had occurred and why **M.N.** was crying. The Hispanic female told the family that she would go and retrieve some burn cream to put on **M.N.**'s injuries but returned shortly after stating that the restaurant did not have any. The family asked the Hispanic female why a warning was not posted or given to them from **ALAN MARTINEZ** regarding the

unreasonably hot grill prior to **ALAN MARTINEZ** removing the grill but she did not have a response.

10.     The Hispanic female apologized to the family for **ALAN MARTINEZ** causing **M.N.**'s injuries. **ALAN MARTINEZ** also apologized for causing **M.N.**'s injuries. The Hispanic female told the family that she would call the General Manager, Davis Duong, over to the table. The Hispanic female also stated, "We will be more careful next time".

11.     The General Manager, Davis Duong, walked over to the family and apologized for **ALAN MARTINEZ** causing M.N.'s injuries. Davis Duong, General Manager, offered the family a thirty percent discount for the family's next visit. The family explained to David Duong, General Manager, that the injuries were causing **M.N.** agony and a thirty percent discount is not the reason he notified him of the injuries.

12.     **M.N.** was crying in agony and the family was not able to finish their meal. The family paid between $100-$200 dollars for their meal and drinks. The family left the restaurant. **M.N.** was taken to the hospital and Davis Duong, General Manager, contacted **TRUNG NGUYEN, M.N.**'s father on the telephone a few days later. Davis Duong, General Manager, apologized to **TRUNG NGUYEN** for causing **M.N.**'s burn and injuries. Davis Duong, General Manager, also told **TRUNG NGUYEN** that the Son of the Owner of the Restaurant would call calling him in regard to **M.N.**'s burn and injuries.

13.     The Restaurant Owners' son called **TRUNG NGUYEN** twice on the telephone. During the first telephone call the Restaurant Owner's Son apologized to **TRUNG NGUYEN** for causing **M.N.**'s injuries. When the Restaurant Owner's son called the second time, he apologized again for causing **M.N.**'s injuries and offered **TRUNG NGUYEN** seventy-five thousand five-hundred dollars or so for **M.N.**'s injuries. **TRUNG NGUYEN** was busy speaking

with clients at work and told the Restaurant Owner's son to contact his attorney because he was unable to discuss **M.N.**'s injuries at that time.

14.      **M.N.** was treated at the hospital for intense pain and burns that will result in significant scarring and disfigurement for the rest of **M.N.**'s life. **M.N.** experienced extreme pain, emotional distress and is currently experiencing anxiety and depression due to the burn and injuries.

15.      **Gen Restaurant Management LLC. d/b/a Gen Korean BBQ House, et al** was responsible, maintained, owned, and assumed control of the premises located at 3201 Louisiana St., Ste. 101, Houston, Texas 77006. As such, **M.N.** was a business invitee to whom **GEN** owed a duty of care to protect from injury.

16.      As **M.N.** engaged in the process of dining at the premises, **M.N.** was severely burned by unreasonably hot grease negligently handled by **ALAN MARTINEZ**. Defendants created and failed to warn Plaintiff of the dangerous condition. The unreasonably dangerous condition proximately caused **M.N.**'s injuries and the need for medical treatment subsequently received. The premises at 3201 Louisiana St., Ste. 101, Houston, Texas 77006 was overseen and operated by agents of **GEN** at the time of the incident in question.

17.      Defendants breached the duty of care it owed Plaintiff as a business invitee. Defendants were both negligent and grossly negligent when they failed to exercise ordinary care in the safety of **M.N.** Consequently, **M.N.** was an invitee to whom Defendants owed a duty to use ordinary care, including the duty to protect and safeguard **M.N.** from unreasonably dangerous conditions on the premises, or to warn of their existence. Plaintiffs seek all applicable damages available under Texas law.

## V.
## NEGLIGENCE

### A. ALAN MARTINEZ's Negligence

18.     **ALAN MARTINEZ**, breached his duty of ordinary care in multiple ways when he lifted the unreasonably hot dirty grill over **M.N.**'s head, ultimately resulting in **M.N.** sustaining severe burns and injuries due to the unreasonably hot dirty grease pouring onto her forehead and nose. **ALAN MARTINEZ** was negligent, including but not limited to one or more of the following particulars:

1. In failing to secure the unreasonably hot grill with unreasonably hot grease; and

2. In failing to render aid after negligently causing injury to **M.N.**

19.     The unreasonably hot grease caused intense painful burns and injuries to **M.N.** causing **M.N.** to suffer physical, mental, and emotional pain, as well as extensive medical treatment related thereto.

20.     But for **ALAN MARTINEZ**'s failure to exercise ordinary care, **M.N.** would not have sustained injuries. Such injuries are the reasonably foreseeable result of **ALAN MARTINEZ**'s careless and reckless disregard of common safety precautions.

### B. GEN KOREAN BBQ HOUSE's Negligence

21.     **GEN RESTAURANT MANAGEMENT LLC. d/b/a GEN KOREAN BBQ HOUSE ET AL** had a duty to remove the hot grill in a reasonable and safe manner that was not unreasonably dangerous to customers. By not lifting the hot dirty grill over **M.N.**'s head, **GEN** could have easily reduced the high probability that grave danger would be done to their customers with little to no effort on its part.

22.     By lifting the unreasonably dangerous dirty grill with dirty grease at an

unreasonably dangerous temperature over **M.N.**'s head, **GEN** breached its duty of ordinary care to its customers. But for **GEN**'s failure to remove the grill with grease in a safe and proper manner and with proper warning, Plaintiffs would not have sustained injury. The injuries that did result to **M.N.** were foreseeable in light of the breach of **Gen Restaurant Management LLC. d/b/a Gen Korean BBQ House**'s duty.

### C. GEN's Negligent Hiring, Supervising and Retention

23.     Pleading further, Plaintiff would show that the occurrence made the basis of this lawsuit as referred to above, and Plaintiff's resulting injuries and damages were proximately caused by the negligent conduct of **GEN**, in that **GEN** violated a duty which **GEN** owed to Plaintiff to exercise ordinary care in one or more of the following particulars:

1.  In negligently hiring their employees;

2.  In negligently training their employees; and

3.  In negligently supervising their employees.

24.     Each of these acts and/or omissions, singularly, or in any combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

25.     **GEN** had a duty to properly train and oversee its employees. **GEN** failed to properly train and instruct **ALAN MARTINEZ** regarding how to secure an unreasonably hot grill. **GEN** further failed to properly oversee **ALAN MARTINEZ**'s work to ensure that **ALAN MARTINEZ** was performing tasks safely and competently.

26.     But for **GEN's** failure to properly train, instruct, and oversee **ALAN MARTINEZ**, Plaintiff **M.N.** (a nine-year-old girl) would not have sustained severe and permanent scarring and disfigurement to her forehead and nose. Such damages are reasonably

foreseeable in light of **GEN**'s lack of instruction and oversight.

### D. GEN'S Gross Negligence

27.     The above-referenced acts and/or omissions by Defendant, **GEN** constitute gross negligence and/or malice as those terms are defined in §§41.001(7)(A) and 41.001(11) of the *Texas Civil Practice and Remedies* Code.    **GEN** was reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and **GEN** was aware of the risk but nevertheless preceded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff. The above ats and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

28.     **GEN**'s acts or omissions described above when viewed from the standpoint of **GEN** at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

29.     **GEN** had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless preceded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

30.     The above acts and/or omission were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

### VI.
### VICARIOUS LIABILITY

31.     Under the doctrine of respondent superior, **GEN** is liable for the actions of its employees when they act in the course and scope of their employment with **GEN**.

32.     At the time in question **ALAN MARTINEZ** was acting (1) within the general

authority given him; (2) in furtherance of the employer's business; and (3) for the accomplishment of the object for which the employee was employed.

33.     The act of removing the grill in front of customers is undoubtedly within the authority given to **ALAN MARTINEZ**. It is equally clear that it is in furtherance of the employer's business and that it was to accomplish the object for which the employee was employed.

34.     Therefore, in addition to the direct negligence attributed to **GEN** in this case, **GEN** is also liable for the negligence of its' employee/server, **ALAN MARTINEZ**, for the reasons articulated above.

## VII.
## PREMISES LIABILITY

35.     At all times mentioned herein, **GEN**, the possessor of the premises, was in exclusive control of the instrumentalities that caused Plaintiff's injuries and employed persons responsible for securing and making safe the premises at **GEN**.

36.     The occurrence made the basis of this lawsuit as referred to in Paragraph 8-17, and **M.N.**'s resulting injuries and damages were proximately caused by the negligent conduct of **GEN** in that **GEN**'s employees violated a duty which **GEN** owed to **M.N.** to exercise ordinary care in the operation of **GEN**, in one or more of the following particulars:

1.  In failing to maintain the premises safe for invitees, such as **M.N.**;

2.  In failing to warn of the presence of dangerous conditions;

3.  In failing to provide a verbal warning of the presence and dangerous nature of the condition to **M.N.**; and

4.  In failing to act as a reasonably prudent premises owner/operator would have under the same or similar circumstances.

37.     At all times material hereto, **GEN**'s employees were acting within the course and

scope of their employment with **GEN**. That is, **GEN**'s employees were acting in the service of **GEN**, with the understanding, express or implied, that **GEN** had a right to direct the details of the work being performed by the employees on the occasion in question. As such, **GEN** is vicariously liable for the negligence of **GEN**'s employees on the occasion in question, under the doctrine of *respondeat superior*.

## VIII.
## GENERAL DAMAGES

38.     As described herein, Plaintiffs have sustained substantial injuries and damages. As a direct and proximate cause of Defendants' negligent conduct in lifting the unreasonably hot grill over **M.N.**'s head, Plaintiff **Trung Nguyen I/A/N/F. M.N.** has suffered extensive damages and bodily injuries as reflected in the medical records from the health care providers that treated the injuries since the incident made the basis of this lawsuit. Plaintiff suffered the following damages:

1.  Past and future physical pain and mental anguish;

2.  Past and future physical impairment;

3.  Past and future medical expenses and; and

4.  Past and future physical disfigurement.

## IX.
## PUNITIVE DAMAGES

39.     Plaintiff incorporates herein by reference Paragraphs 1 through 49, inclusive, of this Complaint.

40.     Defendants' acts and/or omissions are of such a character to rise to the level of gross negligence.   Furthermore, Plaintiff would show that the acts and/or omissions of Defendants were carried out with a conscious disregard for an extreme danger of risk and the

rights of others and with actual awareness on the part of Defendants that their acts would, in reasonable probability, result in serious personal injury or death.   Defendant's caused substantial personal injury to Plaintiff and engaged in acts or omissions that, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.   Further, Defendants, personally or through its employees and management, had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff.

41.     Plaintiff seeks the impositions of punitive or exemplary damages from Defendants without limitation as imposed by §41.008 of the *Texas Civil Practices and Remedies Code.*

42.     The amount of damages that would fairly and reasonably compensate Plaintiffs is to be properly determined by the jury after consideration of all of the evidence presented at trial. However, in satisfaction of the requirements imposed by Rule 47(C), Plaintiffs state that they seek monetary relief of more than $200,000.00 but not more than $1,000,000.00. As stated in the comment to the 2013 amendment to Rule 47, this statement is made solely for the purpose of providing information on the nature of this case, does not affect Plaintiff's substantive rights, and is made subject to Plaintiff's right to amend.

43.     By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

## X.
## INTEREST

44.     Plaintiff further requests both pre-judgment and post-judgment interest on all of her damages as allowed by law.

## XI.
## PERSERVATION OF EVIDENCE

45.     Plaintiffs hereby request and demand that each Defendant and its agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to statements, reports, investigators, photographs, videotapes, audiotapes, recordings, business or medical records, bills, estimates, invoices, checks, measurements, equipment, vehicles, correspondence, memoranda, files, facsimiles, email, voice-mail, text messages, or cellular telephone records. Failure to maintain such items will constitute "spoliation of the evidence and may subject Defendants to sanctions.

## XII.
## REQUEST FOR DISCLOSURE

46.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclosure, within (50) days of service thereof, the information and material described in each section of Rules 194.2.

## XIII.
## CONDITIONS PRECEDENT

47.     All conditions precedent to Plaintiffs' right to recover have been performed or have occurred.

## XIV.
## RULE 193.7 NOTICE OF SELF-AUTHENTICATION

48.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby noticed that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document or materials at any pretrial proceeding and/or

trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## XV.
## DEMAND FOR JURY TRIAL

49.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes an application for a jury trial and requests that this cause be set on the Court's Jury Docket. Plaintiff acknowledges that as of this date, the requisite jury payment has been made.

## XXI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final trial, the Plaintiff has judgement against the Defendants, both jointly and severally, as specified above, in an amount within the jurisdictional limits of this Court, interest at the legal rate, together with all pre-judgement and post-judgment interest as allowed by law, costs of Court, and for such other and future relief, general, special and exemplary, at law and in equity, to which Plaintiffs may show themselves to be justly entitled under the facts and circumstances, including, but not limited to:

1. Pain and suffering in the past;

2. Pain and suffering in the future;

3. Mental anguish in the past;

4. Mental anguish in the future;

5. Past medical expenses;

6. Future medical expenses;

7. Physical impairment in the past;

8. Physical impairment in the future'

9. Physical disfigurement in the past;

10. Physical disfigurement in the future;

11. Loss of future wage-earning capacity;

12. Loss of use;

13. Pre-judgment interest;

14. Post-judgment interest; and

15. Exemplary damages.

Respectfully submitted,

**THE LAW OFFICES OF DAVID C. VUONG & ASSOCIATES, P.C.**

By:     */s/ David C. Vuong*
        David C. Vuong
        State Bar No. 24053538
        E-Mail: dvuong2001@yahoo.com
        Bianca A. Almaguer
        State Bar No. 24120007
        11205 Bellaire Blvd. Suite B25
        Houston, Texas 77072
        Tel. (832) 328-4778
        Fax. (832) 351-3821
        **ATTORNEYS FOR PLAINTIFFS**