Case 4:22-cv-00504   Document 31   Filed on 08/06/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRUNG NGUYEN I/A/N/F M.N., <br> Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-00504 |
| GEN RESTAURANT MANAGEMENT LLC D/B/A GEN KOREAN BBQ HOUSE, ET AL. <br> Defendants. | § § § § § | |

## AGREED JUDGMENT AND MOTION TO DISMISS WITH PREJUDICE

On this day, came to be heard the above styled and numbered cause wherein on August 6, 2024, appeared Plaintiff Trung Nguyen, Individually and as Next Friend of M.N., a Minor Child (referred to as "Plaintiff"), Defendant Gen Restaurant Management (referred to as "Defendant"), and Reece Rondon, Guardian ad Litem for M.N., for the minor prove-up hearing which was conducted by the Court via Zoom.

During that hearing, Plaintiff appeared and testified he agreed to the settlement sum, believed the Confidential Settlement Agreement and Release entered into and between Plaintiff and Defendant was fair and in the best interest of his minor daughter, M.N., and understood he was waiving Plaintiff's right to a jury trial in this matter.

Based on the foregoing, the parties having waived a jury, appear before the Court, and announce to the Court that an agreement for settlement of all matters in controversy between Plaintiff and Defendant, in their respective capacities as set out above, has been reached subject to the approval of the Court; and

It further appearing to the Court that Plaintiff and Defendant desire to compromise and settle their dispute but recognize that damages have been incurred and have accrued in the past.

It appearing to the Court that the total settlement is in consideration of all of the above Plaintiff's damages with respect to the claims of Plaintiff against Defendant, including, but not limited to, damages for the injuries sustained by Plaintiff, and the payment is in recognition of the fact that these damages have, in fact, accrued in the past.

It further appearing to the Court that Plaintiff has agreed, represented, and warranted that the amount of the settlement paid or to be paid, or any other terms and conditions of any part or portion of this Agreed Judgment and the Confidential Settlement Agreement and Release between Plaintiff and Defendant shall not be voluntarily disclosed, made public, disseminated or otherwise released by themselves, nor, to the extent possible, by anyone in their employ or under their control.

It further appearing to the Court that the terms of Confidential Settlement Agreement and Release provides for a payment to Plaintiff by or on behalf of Defendant in the form of a cash sum paid into the registry of the Court in full and final settlement of all past and future claims, demands, and causes of action which have been held or may now or in the future be owned or held by or on behalf of Plaintiff, including the minor child, M.N., including doctors' fees, hospital expenses, attorney's fees, costs of court and all other damages of every kind whatsoever, whether known or unknown, including any claims, demands or causes of action whether for actual damages, exemplary damages or damages which have arisen, or may arise, as a result of the accident which is the basis of this lawsuit.

It further appearing to the Court that under the terms of the Confidential Settlement Agreement and Release, Plaintiff is responsible for any and all potential or future tax liabilities. Plaintiff acknowledges and agrees that Defendant shall bear no responsibility for payment of any potential or future tax liabilities of Plaintiff, including the minor child, M.N., which may in any way

be related to the accident made the basis of this lawsuit or the Confidential Settlement Agreement and Release.

It is further understood by the parties that the Confidential Settlement Agreement and Release is subject to the approval of the Court, which approval is hereby granted.

It further appearing to the Court that Reece Rondon, a licensed attorney in the State of Texas, was appointed Guardian ad Litem to represent the interests of M.N., Minor Child, by order entered by this Court.

It is therefore **ORDERED, ADJUDGED, and DECREED** that Reece Rondon, Guardian ad Litem for the minor child, M.N., be awarded the sum of $3,500.00 for his services, which amount is to be taxed as costs and paid by or on behalf of Defendant.

That said Guardian ad Litem, having asked for and received a reasonable time to acquaint himself with the facts and law herein, and after study and deliberation, reported to the Court, that in his opinion the Confidential Settlement Agreement and Release presented to the Court is **FAIR, JUST, AND REASONABLE** and that the apportionment hereinafter ordered by the Court is **FAIR, JUST, AND REASONABLE** and in the best interest of M.N., Minor Child, and should be approved.

The Court, having read the pleadings in this case and having heard full testimony, finds that there is a question as to liability in this case, and that there is an issue also as to the extent of damages to which Plaintiff is entitled, if any, and the Court further finds from the evidence that such agreement of settlement is a compromise settlement agreement and is not an admission of liability on the part of Defendant herein, and further, the Court is of the opinion that the agreement of settlement of the parties is just, fair, and equitable and should be approved and said agreement is hereby **APPROVED.**

It is further **ORDERED, ADJUDGED, and DECREED** by the Court that Defendant distribute the settlement funds as outlined in the Confidential Settlement Agreement and Release.

It is **ORDERED, ADJUDGED, and DECREED** that all sums set forth herein constitute damages on account of personal physical injury or physical sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

It is further **ORDERED, ADJUDGED, and DECREED** that any and all attorney's fees, litigation expenses or other such costs incurred by or on behalf of Plaintiff shall be paid from the settlement proceeds, and the Court having been advised of the attorney's fees, litigation expenses and other costs incurred by or on behalf of Plaintiff hereby approves them as fair and reasonable. Defendant shall bear their own costs, attorney fees, and litigation expenses.

It is **ORDERED, ADJUDGED, and DECREED** that payment of the cash sums discussed above, shall occur on or before thirty (30) days from the date of this Agreed Judgment. Further, in accordance with the provisions of this Judgment, Defendant and anyone in privity with Defendant be declared fully discharged from any liability under the provisions of this Judgment and fully discharged from any liability based on any claims, demands or causes of action arising out of the accident made the basis of this suit as set forth hereinabove. All of such claims are hereby **DISMISSED WITH PREJUDICE.**

It is further **ORDERED, ADJUDGED, and DECREED** that all claims filed, or which could have been filed by Plaintiff Trung Nguyen, Individually and as Next Friend of M.N., against Defendant Gen Restaurant Management, LLC are hereby **DISMISSED WITH PREJUDICE.**

It is further **ORDERED, ADJUDGED, and DECREED** that no execution issue on this Judgment.

It is further **ORDERED, ADJUDGED, and DECREED** by the Court that the amount of the settlement paid or to be paid or any other terms or conditions of any part or portion of this Agreed Judgment and the Confidential Settlement Agreement and Release not be voluntarily disclosed, made public, disseminated, or otherwise released by the undersigned nor to the extent possible by anyone in their employ or under their control.

**IT IS SO ORDERED.**

Signed this 6th day of August, 2024.

_____
JUDGE PRESIDING

**WE AGREE TO THE ENTRY OF THE FOREGOING JUDGMENT:**

_____
David C. Vuong
State Bar No. 24053538
Dvuong2001@yahoo.com
11205 Bellaire Blvd.
Houston, Texas 77002
832-328-4778
832-351-3821 (fax)

**ATTORNEY FOR PLAINTIFF**

and

**SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM, P.L.L.C.**

By: _/s/ Reid T. Hudgins_
Thomas G. Jacks
Texas Bar No. 24067681
S.D. Texas Fed. No. 1551016
tjacks@sbsb-eastham.com
Reid T. Hudgins
Texas Bar No. 24092544
S.D. Texas Fed. No. 3039359
rhudgins@sbsb-eastham.com

5956 Sherry Lane, 20th Floor
Dallas, Texas 75225
Telephone: (713) 588-0446
Telecopier: (713) 574-2942

**ATTORNEYS FOR DEFENDANTS**

AND

_____

**Reece Rondon**
**Hall Maines Lugrin**
2800 Post Oak Blvd., Suite 6400
Houston, Texas 77056

*GUARDIAN AD LITEM FOR MINOR PLAINTIFF*